ACCEPTED
15-25-00180-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/10/2025 7:12 PM
CHRISTOPHER A. PRINE
CLERK

15-25-00180-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/10/2025 7:12:28 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AUSTIN, TEXAS

ROSALINDA E. ROMERO,
Plaintiff-Appellant,

v.

TEXAS PERMANENT SCHOOL FUND CORP.,
Defendant-Appellee.

On Appeal from the 98th District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-24-009170

APPELLANT'S BRIEF
APPELLEE HEREBY REQUESTS ORAL ARGUMENT

John F. Melton
Email: jmelton@jfmeltonlaw.com
State Bar No. 24013155
THE MELTON LAW FIRM, P.L.L.C.
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
(512) 633-9059 Telephone
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii - iv

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**IDENTITIES OF PARTIES AND COUNSEL**

PLAINTIFF:                           Rosalinda E. Romero, Appellant

APPELLATE COUNSEL
FOR PLAINTIFF:                   John F. Melton
                                         State Bar No. 24013155
                                         The Melton Law Firm, PLLC
                                         6001 Bold Ruler Way, Suite 100
                                         Austin, Texas 78746
                                         Phone  (512) 633-9059

TRIAL COUNSEL
FOR PLAINTIFF:                   John F. Melton
                                         State Bar No. 24013155
                                         The Melton Law Firm, PLLC
                                         6001 Bold Ruler Way, Suite 100
                                         Austin, Texas 78746
                                         Phone  (512) 633-9059

DEFENDANTS:                     Texas Permanent School Fund Corp.
                                         Appellee

APPELLEES COUNSEL FOR
DEFENDANTS:                     David Schlottman
                                         State Bar No.: 24083807
                                         Jackson Walker, LLP
                                         2323 Ross, Suite 600
                                         Dallas, Texas 75201

Phone (214) 953-6000

TRIAL COUNSEL FOR
DEFENDANT:                    David Schlottman
                              State Bar No.: 24083807
                              Jackson Walker, LLP
                              2323 Ross, Suite 600
                              Dallas, Texas 75201
                              Phone (214) 953-6000

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                                **<u>Page</u>**

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)......................... ...2

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).....3

*Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).....................2

**STATUTES**

Civil Practice & Remedies
Code Section 122.001 ............................................................................... 1, 2, 7

**STATEMENT OF THE CASE**

This is a wrongful employment termination case. Under Texas law, it is illegal to terminate an employee because the employee serves as a juror. An employee whose employment is terminated for serving as a juror is a violation of Civil Practice & Remedies Code Section 122.001. On May 16, 2025, Appellant filed her First Amended Original Petition. CR 46-54. On May 29, 2025, Appellee filed an Amended plea to the jurisdiction. CR 55-68-102. On July 1, 2025, Appellant filed her response to the Amended Plea. C.R. 75-81. The trial court granted the plea on July 10, 2025 and entered a final judgment. CR 89-93. Appellant then filed a Notice of Appeal. C.R. 94-96.

**STATEMENT REGARDING ORAL ARGUMENT**

Plaintiff-Appellant respectfully requests oral argument in this case. The matter at issue is unique and important under the Texas Constitution and Appellant believes oral argument would be beneficial.

**ISSUE PRESENTED**

An employee whose employment is terminated for serving as a juror is a violation of Civil Practice & Remedies Code Section 122.001. Did the trial court err in granting Appellee's Amended Plea to the Jurisdiction?

**STATEMENT OF FACTS**

Plaintiff began working for Defendant in April, 2007. <u>C.R. 46-54.</u> On March 19, 2024, Plaintiff received jury duty notice for 6/3/24 through 6/5/24. <u>See id.</u> Appellant does not have any disciplinary actions on her record over her 18 years there. <u>See id.</u> Appellant was fired for the time she spent away from work while serving on a jury. <u>See id.</u>

**SUMMARY OF THE ARGUMENT**

Appellant was fired for doing her civic duty by serving on a jury. The issue in this case is whether or not the statute at issue applies to government employees. As argued below, the statute was amended to include governmental employees who like private employees should be protected from termination for doing their civic duty by serving on a jury. See Civil Practice & Remedies Code Section 122.001

**ARGUMENT**

"[W]hen a plea to the jurisdiction challenges the existence of jurisdictional facts with supporting evidence, the standard of review mirrors that of a traditional summary judgment: all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); see *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) ("[A] court deciding a plea to the jurisdiction

. . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised."). If the defendant establishes that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a material fact question about jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004). If the evidence raises a fact issue on jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Id*.

## 1. Background Facts

1.1     Plaintiff began working for Defendant in April, 2007. C.R. 46-54.

1.2     On March 19, 2024, Plaintiff received jury duty notice for 6/3/24 through 6/5/24 stating normal hours for court operation are 8:00 AM to 5 PM. See id.

1.3      On June 3, 2024, Plaintiff arrived at the courthouse around 8:00 am. She then checked her email to see what room to go to and noticed a new email at 6:25 a.m. stating that she was to report at 1:30 p.m. See id.

1.4     On June 3, 2024 at around 8:20 a.m. Plaintiff drove back home because she did not bring her laptop with her to court. See id.

1.5     On June 3, 2024, between her first trip to the courthouse and her second trip, Plaintiff exchanged messages with the Budget Director and took a data governance online training. She was working. See id.

1.6     Plaintiff had lunch on June 3, 2024 between 11 a.m. - 11:45 a.m.; and at 11:57 a.m. Plaintiff drove back to the courthouse. She arrived at the courthouse and parked at 12:21 p.m. Initially she went to the wrong building and had to rush to another building. She arrived at the correct location and went to the courtroom floor she was assigned at around 12:50 p.m. When she arrived, she saw people waiting and learned they were waiting for a trooper to come out of an office. See id.

1.7     On June 3, 2024 at around 1:20 p.m, the trooper came out, he handed out letters to the people that were waiting and explained that an agreement was reached and that we were dismissed. The trooper asked if we needed a note for work. The trooper then went back into the office to get the notes, and came back out a few minutes later and gave us the notes. Plaintiff received her note, stopped by the restroom and left. She walked back to her car at around 2:10 p.m - 2:30 p.m. Before heading home, Plaintiff inspected her car for damage, because she had hit a short cement object while trying to park when she arrived at the courthouse. See id.

1.8     On June 3, 2024 at 2:45 p.m. she drove back home; and she arrived home at around 3:20p.m.

1.9     On June 3, 2024 from 3:30 p.m - 4:00 p.m. she worked on her assigned career path planning and roadmap for application rationalization (this was offline). See id.

1.10    The events listed above were shared verbally with both Katie Whiting (HR), Eric Obermier (Supervisor), and Steve Foucheck who has since replaced Eric as the Director of Information Technology. Katie offered to enter the request on Plaintiff's behalf in the Salesforce timekeeping system, which serves as the approval record. She did not enter the time in Salesforce but later reminded me to enter and submit the time, which was approved by my supervisor. Plaintiff had spent the majority of the day going back and forth to the courthouse and did work while not driving or at the courthouse, so she just listed the day as jury duty. There was never any attempt to deceive what her day looked like with both her supervisor or HR. See id.

1.11    Around 4:00 p.m. on June 24, 2024 Plaintiff checked with Eric (supervisor) via Teams to see if they were meeting in person or he wanted to meet remote for a regular one-on-one meeting. Eric responded that they would meet in his old office after he finished his current meeting. Plaintiff told Eric to let her know when he was ready. Plaintiff walked into what she thought was her regular one-on-one with her supervisor. In this meeting, the following people were present, the HR Director Diana Herring, Eric Obermier Plaintiff's supervisor, and John Wright Legal Counsel. Diana then began explaining that Plaintiff was being terminated based on ethical violations due to entering 8 hours for jury duty that should have only been 4 hours. Diana then had Eric read the agency ethical policy to Plaintiff, which she did not hear due to the

shock. Diana went on to explain two options for termination. They were immediate termination or resign effective July 1, 2024. Diana also explained the benefits and mentioned that Plaintiff was no longer eligible for the Performance Incentive Payment Plan (PIPP) FY 24, which requires employment on July 1, 2024, which is Plaintiff's last day per the resignation letter. Plaintiff earned this working long hours and weekends, leading one of the major initiatives of her career, during the technology separation effort from the Texas Education Agency. Plaintiff tried to explain that she did not know she was supposed to keep up with the time for the day and also explained that she shared the events of that day with Katie. Diana just kept repeating that we were done with this conversation. She never let Plaintiff finish what she was trying to tell her, it was just a constant "This conversation is over." Plaintiff then was asked to sign a resignation letter that Diana had prepared. Plaintiff asked if she could take it home to review and Diana stated that she needed to sign it right then. She then turned to John. Plaintiff does not remember if he agreed or not, but he said we can make you a copy. Plaintiff was still hesitant, but they insisted they needed a signature right then. After Plaintiff signed it, they asked if she had any personal belongings at her desk and to return the laptop which she had with her at the meeting. They then asked for her badge, and she told them it was at her desk. They then called Skip Baylor, the facilities coordinator, to get Plaintiff's belongings and make a copy

of the resignation letter. After Skip got Plaintiff's purse, she realized that she had a few camping items at her desk that she had forgotten. Skip put all of the items in a brown banker box and brought them to her. She then asked Eric if she could have an old laptop bag to put her stuff in. She did not want the humiliation of being walked out with a box. Eric agreed and said it was fine to use an old bag. As she was trying to put her stuff in her backpack, she continued to try to explain her thought process for entering the time and kept being told this conversation is over. Diana also made a comment about this not being Plaintiff's first time and Plaintiff has no idea what she meant. She has never had any discussions about her timekeeping and does not have any disciplinary actions on her record over her 18 years there. See id.

**2.     Argument and Authorities**

2.2     Under Texas law, it is illegal to terminate an employee because the employee serves as a juror. An employee whose employment is terminated is a violation of Civil Practice & Remedies Code Section 122.001. An employer may not discharge, threaten to discharge, intimidate or coerce any employee because the employee serves as a juror, or for the employee's attendance or scheduled attendance in connection with the service. An employer who has violated this law is liable for the damages stated below. See id.

2.3    The State has clearly and unambiguously waived immunity from suit under Section 122.001. S.B. No. 370 passed the Senate on April 17, 2019 by a 30-1 vote. C.R. 75-81. The previous version of Section 122.001 was specifically limited to "A private employer." The word "private" was removed from the statute showing a specific intent to include non-private employers.

2.4    Furthermore, there are now two versions of similar statutes. One section is limited to private employers and the other is not. This shows an intent to include both private employers as specifically named in one section, and to include non-private employers in the other section. The Legislature clearly intended to stop retaliation of employees serving their civic duty by including two similar statutes. There is no doubt that a government entity is an employer and one section names employers and one is specifically limited to private employers.

2.5    These are all allegations contained in Plaintiff's petition. C.R. 46-54. These allegations at the pleading stage must be taken as true. As such, Appellee's Amended Plea to the Jurisdiction should have been denied.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Court reverse the trial court's order granting Appellee's Amended Plea to the Jurisdiction and for any such other relief she should be entitled to.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
(512) 633-9059 Telephone


*/s/ John F. Melton*
John F. Melton
Jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEY FOR APPELLANT


## CERTIFICATE OF COMPLIANCE

This brief contains 2392 words according to WordPerfect 2021.

*/s/ John F. Melton*
John F. Melton

## CERTIFICATE OF SERVICE

By my signature hereunder affixed, I certify that a true and correct copy of the foregoing document has been transmitted to all parties of record **via email**, on this 10th day of December, 2025, addressed as follows:

email: dschlottman@jw.com
David Schlottman
Jackson Walker, LLP
2323 Ross, Suite 600
Dallas, Texas 75201
COUNSEL FOR APPELLEE

*/s/ John F. Melton*
John F. Melton

15-25-00180-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AUSTIN, TEXAS

ROSALINDA E. ROMERO,
Plaintiff-Appellant,

v.

TEXAS PERMANENT SCHOOL FUND CORP.,
Defendants-Appellees.

On Appeal from the 98th District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-24-009170

APPELLANT'S APPENDIX

John F. Melton
Email: jmelton@jfmeltonlaw.com
State Bar No. 24013155
THE MELTON LAW FIRM, P.L.L.C.
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
(512) 633-9059 Telephone
ATTORNEY FOR APPELLANT

APPELLANT'S APPENDIX

1.     Plaintiff's First Amended Original Petition

2.     Plaintiff's Response to Defendant's Amended Plea to the Jurisdiction

3.     Order Granting Defendant's Amended Plea to the Jurisdiction

4.     Civil Practice & Remedies Code Section 122.001

# TAB 1

5/16/2025 4:34 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-009170
Stefany Vega juarez

CAUSE NO.: D-1-GN-24-009170

| | | |
|---|---|---|
| ROSALINDA E. ROMERO, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS PERMANENT SCHOOL | § | |
| FUND CORP., | § | |
| Defendant. | § | 98th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Rosalinda E. Romero, and files this Plaintiff's First Amended Original Petition complaining of Defendant Texas Permanent School Fund Corp., and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1     Plaintiff is an individual who can be served through counsel.

2.2     Defendant is an entity that has been served and has answered the lawsuit.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for

Page 1 of 8

46

this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to Texas Civil Practice and Remedies Code §15.002, venue is proper in Travis County, Texas, as it is the county in which the actions giving rise to this complaint occurred.

3.3     All conditions precedent have been performed or have occurred.

IV.

FACTS

4.1     Plaintiff began working for Defendant in April, 2007.

4.2     On March 19, 2024, Plaintiff received jury duty notice for 6/3/24 through 6/5/24 stating normal hours for court operation are 8:00 AM to 5 PM.

4.3     On June 3, 2024, Plaintiff arrived at the courthouse around 8:00 am. She then checked her email to see what room to go to and noticed a new email at 6:25 a.m. stating that she was to report at 1:30 p.m.

4.4     On June 3, 2024 at around 8:20 a.m. Plaintiff drove back home because she did not bring her laptop with her to court.

4.5     On June 3, 2024, between her first trip to the courthouse and her second trip, Plaintiff exchanged messages with the Budget Director and took a data governance online training. She was working.

4.6     Plaintiff had lunch on June 3, 2024 between 11 a.m. - 11:45 a.m.; and at 11:57 a.m. Plaintiff drove back to the courthouse. She arrived at the courthouse and parked at 12:21 p.m.  Initially she went to the wrong building and had to rush to another building.  She arrived at the correct location and went to the courtroom floor she was assigned at around 12:50 p.m.  When she arrived, she saw people waiting and learned they were waiting for a trooper to come out of an office.

Page 2 of 8

47

4.7     On June 3, 2024 at around 1:20 p.m, the trooper came out, he handed out letters to the people that were waiting and explained that an agreement was reached and that we were dismissed. The trooper asked if we needed a note for work. The trooper then went back into the office to get the notes, and came back out a few minutes later and gave us the notes. Plaintiff received her note, stopped by the restroom and left. She walked back to her car at around 2:10 p.m - 2:30 p.m. Before heading home, Plaintiff inspected her car for damage, because she had hit a short cement object while trying to park when she arrived at the courthouse.

4.8     On June 3, 2024 at 2:45 p.m. she drove back home; and she arrived home at around 3:20p.m.

4.9     On June 3, 2024 from 3:30 p.m - 4:00 p.m. she worked on her assigned career path planning and roadmap for application rationalization (this was offline).

4.10    The events listed above were shared verbally with both Katie Whiting (HR), Eric Obermier (Supervisor), and Steve Foucheck who has since replaced Eric as the Director of Information Technology. Katie offered to enter the request on Plaintiff's behalf in the Salesforce timekeeping system, which serves as the approval record. She did not enter the time in Salesforce but later reminded me to enter and submit the time, which was approved by my supervisor. Plaintiff had spent the majority of the day going back and forth to the courthouse and did work while not driving or at the courthouse, so she just listed the day as jury duty. There was never any attempt to deceive what her day looked like with both her supervisor or HR.

4.11    Around 4:00 p.m. on June 24, 2024 Plaintiff checked with Eric (supervisor) via Teams to see if they were meeting in person or he wanted to meet remote for a regular one-on-one meeting. Eric responded that they would meet in his old office after he finished his current meeting. Plaintiff told Eric to let her know when he was ready. Plaintiff walked into what she thought was her regular

one-on-one with her supervisor. In this meeting, the following people were present, the HR Director Diana Herring, Eric Obermier Plaintiff's supervisor, and John Wright Legal Counsel. Diana then began explaining that Plaintiff was being terminated based on ethical violations due to entering 8 hours for jury duty that should have only been 4 hours. Diana then had Eric read the agency ethical policy to Plaintiff, which she did not hear due to the shock. Diana went on to explain two options for termination. They were immediate termination or resign effective July 1, 2024. Diana also explained the benefits and mentioned that Plaintiff was no longer eligible for the Performance Incentive Payment Plan (PIPP) FY 24, which requires employment on July 1, 2024, which is Plaintiff's last day per the resignation letter. Plaintiff earned this working long hours and weekends, leading one of the major initiatives of her career, during the technology separation effort from the Texas Education Agency. Plaintiff tried to explain that she did not know she was supposed to keep up with the time for the day and also explained that she shared the events of that day with Katie. Diana just kept repeating that we were done with this conversation. She never let Plaintiff finish what she was trying to tell her, it was just a constant "This conversation is over." Plaintiff then was asked to sign a resignation letter that Diana had prepared. Plaintiff asked if she could take it home to review and Diana stated that she needed to sign it right then. She then turned to John. Plaintiff does not remember if he agreed or not, but he said we can make you a copy. Plaintiff was still hesitant, but they insisted they needed a signature right then. After Plaintiff signed it, they asked if she had any personal belongings at her desk and to return the laptop which she had with her at the meeting. They then asked for her badge, and she told them it was at her desk. They then called Skip Baylor, the facilities coordinator, to get Plaintiff's belongings and make a copy of the resignation letter. After Skip got Plaintiff's purse, she realized that she had a few camping items at her desk that

Page 4 of 8

49

she had forgotten. Skip put all of the items in a brown banker box and brought them to her. She then asked Eric if she could have an old laptop bag to put her stuff in. She did not want the humiliation of being walked out with a box. Eric agreed and said it was fine to use an old bag. As she was trying to put her stuff in her backpack, she continued to try to explain her thought process for entering the time and kept being told this conversation is over. Diana also made a comment about this not being Plaintiff's first time and Plaintiff has no idea what she meant. She has never had any discussions about her timekeeping and does not have any disciplinary actions on her record over her 18 years there.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 4.1 through 4.11 inclusive are hereby incorporated by reference for all causes of action.

## WRONGFUL TERMINATION

5.2     Under Texas law, it is illegal to terminate an employee because the employee serves as a juror. An employee whose employment is terminated is a violation of Civil Practice & Remedies Code Section 122.001. An employer may not discharge, threaten to discharge, intimidate or coerce any employee because the employee serves as a juror, or for the employee's attendance or scheduled attendance in connection with the service. An employer who has violated this law is liable for the damages stated below.

5.3     The State has clearly and unambiguously waived immunity from suit under Section 122.001. S.B. No. 370 passed the Senate on April 17, 2019 by a 30-1 vote. The previous version of Section 122.001 was specifically limited to "A private employer." The word "private" was removed from

the statute showing a specific intent to include non-private employers.

5.4     Furthermore, there are now two versions of similar statutes. One section is limited to private employers and the other is not. This shows an intent to include both private employers as specifically named in one section, and to include non-private employers in the other section. The Legislature clearly intended to stop retaliation of employees serving their civic duty by including two similar statutes. There is no doubt that a government entity is an employer and one section names employers and one is specifically limited to private employers.

## VI.

## DAMAGES

6.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

6.2     An employer who has violated this provision is liable for damages in an amount not less than an amount equal to five years compensation and the Plaintiff is entitled to reinstatement.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

7.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, and post-judgment discovery and collection in the event execution on the judgment is necessary.

VIII.

JURY DEMAND

8.1    Plaintiff has demanded a trial by jury on all issues.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.    Judgment against Defendant for all damages alleged in this petition;

2.    Interest before and after judgment at the highest rate provided by law, until paid;

3.    Costs of suit;

4.    Reasonable and necessary attorneys' fees and expert witness fees;

5.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B-225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF



## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on May 16, 2025, a true and correct copy of the foregoing document has been served on all parties of record in accordance with the Texas Rules of Civil Procedure as follows:

email: dschlottman@jw.com
David Schlottman
Jackson Walker, LLP
2323 Ross, Suite 600
Dallas, Texas 75201


/s/ John F. Melton
John F. Melton



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 100953536
Filing Code Description: Amended Filing
Filing Description: PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
Status as of 5/21/2025 3:34 PM CST

Associated Case Party: TEXAS PERMANENT SCHOOL FUND CORP.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schlottman | | dschlottman@jw.com | 5/16/2025 4:34:44 PM | SENT |
| Erin Shea | | eshea@jw.com | 5/16/2025 4:34:44 PM | SENT |
| Lauren Vogel | | lvogel@jw.com | 5/16/2025 4:34:44 PM | SENT |

Associated Case Party: ROSALINDAE.ROMERO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Melton | 24013155 | jmelton@jfmeltonlaw.com | 5/16/2025 4:34:44 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 5/16/2025 4:34:44 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 5/16/2025 4:34:44 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 01:51:41

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

54

# TAB 2

7/1/2025 5:32 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-009170
Susan Schmidt

CAUSE NO.: D-1-GN-24-009170

| | | |
|---|---|---|
| ROSALINDA E. ROMERO, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS PERMANENT SCHOOL | § | |
| FUND CORP., | § | |
| Defendant. | § | 98th JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## AMENDED PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Rosalinda E. Romero, and files this Response to Defendant's Amended Plea to the Jurisdiction.

## I.

## Background Facts

1.1    Plaintiff began working for Defendant in April, 2007. See Plaintiff's First Amended Petition.

1.2    On March 19, 2024, Plaintiff received jury duty notice for 6/3/24 through 6/5/24 stating normal hours for court operation are 8:00 AM to 5 PM. See id.

1.3    On June 3, 2024, Plaintiff arrived at the courthouse around 8:00 am. She then checked her email to see what room to go to and noticed a new email at 6:25 a.m. stating that she was to report at 1:30 p.m. See id.

1.4    On June 3, 2024 at around 8:20 a.m. Plaintiff drove back home because she did not bring her laptop with her to court. See id.

1.5    On June 3, 2024, between her first trip to the courthouse and her second trip, Plaintiff exchanged messages with the Budget Director and took a data governance online training. She was

Page 1 of 6

75

working. See id.

1.6     Plaintiff had lunch on June 3, 2024 between 11 a.m. - 11:45 a.m.; and at 11:57 a.m. Plaintiff drove back to the courthouse. She arrived at the courthouse and parked at 12:21 p.m.  Initially she went to the wrong building and had to rush to another building.  She arrived at the correct location and went to the courtroom floor she was assigned at around 12:50 p.m.  When she arrived, she saw people waiting and learned they were waiting for a trooper to come out of an office. See id.

1.7     On June 3, 2024 at around 1:20 p.m, the trooper came out, he handed out letters to the people that were waiting and explained that an agreement was reached and that we were dismissed.  The trooper asked if we needed a note for work.  The trooper then went back into the office to get the notes, and came back out a few minutes later and gave us the notes.  Plaintiff received her note, stopped by the restroom and left.  She walked back to her car at around 2:10 p.m - 2:30 p.m.  Before heading home, Plaintiff inspected her car for damage, because she had hit a short cement object while trying to park when she arrived at the courthouse. See id.

1.8     On June 3, 2024 at 2:45 p.m. she drove back home; and she arrived home at around 3:20p.m.

1.9     On June 3, 2024 from 3:30 p.m - 4:00 p.m. she worked on her assigned career path planning and roadmap for application rationalization (this was offline). See id.

1.10    The events listed above were shared verbally with both Katie Whiting (HR), Eric Obermier (Supervisor), and Steve Foucheck who has since replaced Eric as the Director of Information Technology. Katie offered to enter the request on Plaintiff's behalf in the Salesforce timekeeping system, which serves as the approval record. She did not enter the time in Salesforce but later reminded me to enter and submit the time, which was approved by my supervisor. Plaintiff had spent the majority of the day going back and forth to the courthouse and did work while not driving or at

Page 2 of 6

76

the courthouse, so she just listed the day as jury duty. There was never any attempt to deceive what her day looked like with both her supervisor or HR. See id.

1.11    Around 4:00 p.m. on June 24, 2024 Plaintiff checked with Eric (supervisor) via Teams to see if they were meeting in person or he wanted to meet remote for a regular one-on-one meeting. Eric responded that they would meet in his old office after he finished his current meeting. Plaintiff told Eric to let her know when he was ready. Plaintiff walked into what she thought was her regular one-on-one with her supervisor. In this meeting, the following people were present, the HR Director Diana Herring, Eric Obermier Plaintiff's supervisor, and John Wright Legal Counsel.  Diana then began explaining that Plaintiff was being terminated based on ethical violations due to entering 8 hours for jury duty that should have only been 4 hours.  Diana then had Eric read the agency ethical policy to Plaintiff, which she did not hear due to the shock. Diana went on to explain two options for termination. They were immediate termination or resign effective July 1, 2024. Diana also explained the benefits and mentioned that Plaintiff was no longer eligible for the Performance Incentive Payment Plan (PIPP) FY 24, which requires employment on July 1, 2024, which is Plaintiff's last day per the resignation letter. Plaintiff earned this working long hours and weekends, leading one of the major initiatives of her career, during the technology separation effort from the Texas Education Agency. Plaintiff tried to explain that she did not know she was supposed to keep up with the time for the day and also explained that she shared the events of that day with Katie. Diana just kept repeating that we were done with this conversation. She never let Plaintiff finish what she was trying to tell her, it was just a constant "This conversation is over."  Plaintiff then was asked to sign a resignation letter that Diana had prepared. Plaintiff asked if she could take it home to review and Diana stated that she needed to sign it right then. She then turned to John. Plaintiff

Page 3 of 6

77

does not remember if he agreed or not, but he said we can make you a copy. Plaintiff was still hesitant, but they insisted they needed a signature right then. After Plaintiff signed it, they asked if she had any personal belongings at her desk and to return the laptop which she had with her at the meeting. They then asked for her badge, and she told them it was at her desk. They then called Skip Baylor, the facilities coordinator, to get Plaintiff's belongings and make a copy of the resignation letter. After Skip got Plaintiff's purse, she realized that she had a few camping items at her desk that she had forgotten. Skip put all of the items in a brown banker box and brought them to her. She then asked Eric if she could have an old laptop bag to put her stuff in. She did not want the humiliation of being walked out with a box. Eric agreed and said it was fine to use an old bag. As she was trying to put her stuff in her backpack, she continued to try to explain her thought process for entering the time and kept being told this conversation is over. Diana also made a comment about this not being Plaintiff's first time and Plaintiff has no idea what she meant. She has never had any discussions about her timekeeping and does not have any disciplinary actions on her record over her 18 years there. See id.

## II.

## Argument

2.2     Under Texas law, it is illegal to terminate an employee because the employee serves as a juror. An employee whose employment is terminated is a violation of Civil Practice & Remedies Code Section 122.001. An employer may not discharge, threaten to discharge, intimidate or coerce any employee because the employee serves as a juror, or for the employee's attendance or scheduled attendance in connection with the service. An employer who has violated this law is liable for the damages stated below.

Page 4 of 6

78

2.3    The State has clearly and unambiguously waived immunity from suit under Section 122.001. S.B. No. 370 passed the Senate on April 17, 2019 by a 30-1 vote. The previous version of Section 122.001 was specifically limited to "A private employer." The word "private" was removed from the statute showing a specific intent to include non-private employers.

2.4    Furthermore, there are now two versions of similar statutes. One section is limited to private employers and the other is not. This shows an intent to include both private employers as specifically named in one section, and to include non-private employers in the other section. The Legislature clearly intended to stop retaliation of employees serving their civic duty by including two similar statutes. There is no doubt that a government entity is an employer and one section names employers and one is specifically limited to private employers.

2.5    These are all allegations contained in Plaintiff's petition. These allegations at this stage must be taken as true. As such, Defendant's Amended Plea to the Jurisdiction should be denied.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B-225
Austin, Texas 78746
(512) 330-0017 Telephone


/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF



Page 5 of 6

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on July 1, 2025, a true and correct copy of the foregoing document has been served on all parties of record in accordance with the Texas Rules of Civil Procedure as follows:

email: dschlottman@jw.com
David Schlottman
Jackson Walker, LLP
2323 Ross, Suite 600
Dallas, Texas 75201


/s/ John F. Melton
John F. Melton



Page 6 of 6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 102667649
Filing Code Description: RESPONSE
Filing Description: PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED PLEA TO THE JURISDICTION
Status as of 7/2/2025 9:05 AM CST

Associated Case Party: TEXAS PERMANENT SCHOOL FUND CORP.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Schlottman | | dschlottman@jw.com | 7/1/2025 5:32:37 PM | SENT |
| Erin Shea | | eshea@jw.com | 7/1/2025 5:32:37 PM | SENT |
| Stephen Russo | | srusso@jw.com | 7/1/2025 5:32:37 PM | SENT |
| Lauren Vogel | | lvogel@jw.com | 7/1/2025 5:32:37 PM | SENT |

Associated Case Party: ROSALINDAE.ROMERO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Melton | 24013155 | jmelton@jfmeltonlaw.com | 7/1/2025 5:32:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Paige Densman | | paige@jfmeltonlaw.com | 7/1/2025 5:32:37 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 7/1/2025 5:32:37 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 01:51:42

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

81

# TAB 3

CAUSE NO. D-1-GN-24-009170

| | | |
|---|---|---|
| ROSALINDA E. ROMERO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS PERMANENT SCHOOL | § | |
| FUND CORP., | § | |
| | § | |
| *Defendant.* | § | 98TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S AMENDED PLEA TO THE JURISDICTION

On this day, the Court considered Defendant Texas Permanent School Fund Corp.'s Amended Plea to the Jurisdiction ("Plea") in the above-entitled and numbered action. After considering the Plea, the responses, and the arguments of counsel, the Court is of the opinion that the Plea should be and hereby is GRANTED.

It is therefore ORDERED that Plaintiff Rosalinda E. Romero take nothing on her claims, and all claims asserted against Defendant are dismissed with prejudice. Any other relief sought in this matter not expressly granted is hereby DENIED.

SO ORDERED.

SIGNED this 10th day of _____ July _____, 2025.

_Jessica Mangrum_
Honorable Jessica Mangrum

Agreed as to form:

/s/ David Schlottman
David Schlottman
Counsel for Defendant Texas Permanent School Fund Corp.

/s/ John Melton (with permission)
John Melton
Counsel for Plaintiff Rosalinda Romero

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 01:51:42

VELVA L. PRICE
DISTRICT CLERK

ORDER GRANTING DEFENDANT'S
AMENDED PLEA TO THE JURISDICTION

PAGE 1 OF 1

89

# TAB 4

CIVIL PRACTICE AND REMEDIES CODE

TITLE 6. MISCELLANEOUS PROVISIONS

CHAPTER 122. JURORS RIGHT TO REEMPLOYMENT

Text of section as amended by Acts 2019, 86th Leg., R.S., Ch. 234 (S.B. 370), Sec. 1

For text of section as amended by Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 1, see other Sec. 122.001.

Sec. 122.001. PROTECTION OF JURORS' EMPLOYMENT; JUROR'S RIGHT TO REEMPLOYMENT; NOTICE OF INTENT TO RETURN. (a) An employer may not discharge, threaten to discharge, intimidate, or coerce any permanent employee because the employee serves as a juror, or for the employee's attendance or scheduled attendance in connection with the service, in any court in the United States.

(b) An employee who is discharged, threatened with discharge, intimidated, or coerced in violation of this section is entitled to return to the same employment that the employee held when summoned for jury service if the employee, as soon as practical after release from jury service, gives the employer actual notice that the employee intends to return.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 234 (S.B. 370), Sec. 1, eff. September 1, 2019.

Text of section as amended by Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 1

For text of section as amended by Acts 2019, 86th Leg., R.S., Ch. 234 (S.B. 370), Sec. 1, see other Sec. 122.001.

Sec. 122.001. JUROR'S RIGHT TO REEMPLOYMENT; NOTICE OF INTENT TO RETURN. (a) A private employer may not terminate the employment of a permanent employee because the employee serves as a juror or grand juror.

(b) An employee whose employment is terminated in violation of this section is entitled to return to the same employment that the employee held when summoned for jury or grand jury service if the employee, as soon as practical after release from that service, gives the employer actual notice that the employee intends to return.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 1, eff. September 1, 2019.

Sec. 122.002. DAMAGES; REINSTATEMENT; ATTORNEY'S FEES. (a) A person who is injured because of a violation of this chapter is entitled to reinstatement to the person's former position and to damages in an amount not less than an amount equal to one year's compensation nor more than an amount equal to five years' compensation at the rate at which the person was compensated when summoned for jury or grand jury service.

(b) The injured person is also entitled to reasonable attorney's fees in an amount approved by the court.

(c) An action for damages brought by a person under Subsection (a) must be brought not later than the second anniversary of the date on which the person served as a juror or grand juror.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by Acts 1991, 72nd Leg., ch. 442, Sec. 5, eff. Jan. 1, 1992; Acts 1999, 76th Leg., ch. 770, Sec. 1, eff. Sept. 1, 1999.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 2, eff. September 1, 2019.

Sec. 122.0021. CRIMINAL PENALTY. (a) A person commits an offense if the person violates Section 122.001.

(b)  An offense under this section is a Class B misdemeanor.

Added by Acts 1999, 76th Leg., ch. 770, Sec. 2, eff. Sept. 1, 1999.

Sec. 122.0022.  CONTEMPT.  In addition to and without limiting any other sanction or remedy available under this chapter or other law, a court may punish by contempt an employer who terminates, threatens to terminate, penalizes, or threatens to penalize an employee because the employee performs jury or grand jury duty.

Added by Acts 1999, 76th Leg., ch. 770, Sec. 2, eff. Sept. 1, 1999.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 3, eff. September 1, 2019.

Sec. 122.003.  DEFENSE.  (a)  It is a defense to an action brought under this chapter that the employer's circumstances changed while the employee served as a juror or grand juror so that reemployment was impossible or unreasonable.

(b)  To establish a defense under this section, an employer must prove that the termination of employment was because of circumstances other than the employee's service as a juror or grand juror.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1991, 72nd Leg., ch. 442, Sec. 6, eff. Jan. 1, 1992.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 356 (H.B. 504), Sec. 4, eff. September 1, 2019.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 108965749
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument - R Romero
Status as of 12/11/2025 7:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schlottman | 24083807 | dschlottman@jw.com | 12/10/2025 7:12:28 PM | SENT |
| Paige Densman | | paige@jfmeltonlaw.com | 12/10/2025 7:12:28 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 12/10/2025 7:12:28 PM | SENT |